UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT RINGLER,

          Plaintiff,

v.                                                                                          Case No. 8:22-cv-2203-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

          Defendant.

## OPINION AND ORDER[2]

### I.   Status

Robert Ringler ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff alleges an inability to work as the result of issues with his foot, chest, and ankle; a stabbing on the left side of his body; panic attacks; blood pressure issues; shingles; and arthritis. Transcript of Administrative Proceedings (Doc.

---

[1]    Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed December 22, 2022; Order (Doc. No. 14), entered December 27, 2022.

No. 11; "Tr." or "administrative transcript"), filed December 22, 2022, at 114-15, 122-23, 133, 153, 383.

On April 5, 2020, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of March 1, 2017.[3] Tr. at 340-41 (DIB), 342-48 (SSI). The applications were denied initially, Tr. at 114-21, 130, 174-78 (DIB); Tr. at 122-29, 131, 179-82 (SSI), and upon reconsideration, Tr. at 132-51, 172, 187-204 (DIB); Tr. at 152-71, 173, 205-25 (SSI).[4]

On December 9, 2021, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[5] Tr. at 79-113. On March 2, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 16-29.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted additional medical records. Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 334-36 (request for review), 36-78 (medical records). On July 28, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at

---

[3] Although actually filed on April 6, 2020, Tr. at 340 (DIB), 342 (SSI), the protective filing dates for both the DIB and SSI applications is listed elsewhere in the administrative transcript as April 5, 2020, Tr. at 114, 133 (DIB), 122, 153 (SSI).

[4] Some of the cited documents are duplicates.

[5] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances caused by the initial stages of the COVID-19 pandemic. Tr. at 81, 228-41, 260-61, 287, 332.

1-4, making the ALJ's Decision the final decision of the Commissioner. On September 23, 2022, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues solely that the matter should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for the SSA to consider new and material evidence. Memorandum in Opposition to the Commissioner's Decision (Doc. No. 15; "Pl.'s Mem."), filed January 19, 2023, at 3-6. On February 16, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 16; "Def.'s Mem."), responding to Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that there is no basis for a sentence six remand, and the Commissioner's final decision is due to be affirmed.

## II.   **The ALJ's Decision**

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 19-28. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 1, 2017, the alleged onset date." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative joint disease; osteoarthritis of the right ankle; cubital tunnel syndrome; dupuytren's contracture without contracture; high blood pressure; bipolar disorder; [and] attention deficit hyperactivity disorder (ADHD)." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 19 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except he can lift 20 pounds occasionally and 10 pounds frequently, he can stand for 4 hours per day, walk for 4 hours per day, and sit for 6 hours per day with normal breaks; he can occasionally climb ladders, ropes and scaffolds, occasionally balance, stoop, crouch, and crawl; frequently climb ramps and stairs; he is limited to frequent interaction with supervisors and co-workers and occasional interaction with the public; he is limited to low stress jobs, defined as contemplating only infrequent workplace changes, little decision making required, and conflict with others is not the primary function of the job.

Tr. at 22 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "waiter/server." Tr. at 27 (some emphasis, capitalization, and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("46 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 27 (emphasis and citations omitted), such as "Smaller Products Assembler," "Produce Inspector," and "Line Inspector," Tr. at 28. The ALJ concluded Plaintiff "has not been under a disability . . . from March 1, 2017, through the date of th[e D]ecision." Tr. at 28 (emphasis and citation omitted).

### III.  Standard of Review

This Court typically reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

When a Plaintiff seeks for the Court to be remanded pursuant to sentence six of 42 U.S.C. § 405(g), different standards apply. They are discussed in detail below.

### IV.   Discussion

Plaintiff argues the matter should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3) for the SSA to consider new and material evidence. Pl.'s Mem. at 3-6. In support, Plaintiff attached to his memorandum a medical record dated October 4, 2022 that documents Plaintiff's complaint of bilateral hand numbness that had "worsen[ed] in the past 6 months." Id. at Ex. C. Treatment options were discussed, a nerve conduction study was ordered, and Plaintiff was advised to begin night bracing and nerve flossing consistently. Id. According to Plaintiff, this record is new and material in that the ALJ "did not give any limitation with respect to [Plaintiff's] ability to reach, handle, finger, or feel." Id. at 5. Plaintiff posits that, with "the benefit of hindsight," an ALJ on remand may come to a different conclusion. Id. at 5-6. Responding, Defendant argues the evidence is not chronologically relevant and does not carry a reasonable possibility of changing the administrative result. Def.'s Mem. at 4-8.

Under sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3), "[t]he court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is

material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." "[A] sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." Ingram, 496 F.3d at 1267. If a claimant makes "a sufficient showing" to remand a case under sentence six of 42 U.S.C. § 405(g), additional medical evidence can be considered on remand. Id. at 1268 (quotation and citation omitted). To meet the showing required to obtain a sentence six remand, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result[;] and (3) there is good cause for the failure to submit the evidence at the administrative level." Caulder, 791 F.2d at 877 (quotation and citation omitted); see also, e.g., Cherry v. Heckler, 760 F.2d 1186, 1192 (11th Cir. 1985).

Here, the medical record is not chronologically relevant. Plaintiff's own account on October 4, 2022 was that the symptoms at issue had "worsen[ed] in the past 6 months." Pl.'s Mem. at Ex. C. The ALJ's Decision was rendered on March 2, 2022, Tr. at 29, more than six months prior to this statement being made. Thus, to the extent there was a worsening of Plaintiff's symptoms, there was no relevance to the timeframe being considered by the ALJ.

Moreover, the record does not carry a reasonable possibility of changing the administrative result. The ALJ recognized Plaintiff's alleged issues with his hands, and fully considered the available evidence at the time of the Decision. Tr. at 22-27. Plaintiff recognizes the difficulty in establishing that he had manipulative limitations for twelve or more months. Pl.'s Mem. at 5-6. The medical record is not particularly persuasive in this regard. See id. at Ex. C. Remand for consideration of the record would not serve a useful purpose.

## V.   Conclusion

There exists no basis for remand under sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3). Further, the ALJ's otherwise unchallenged Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 8, 2024.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record